Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
LESLIE BARNETT



E-filing

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA,
SAN FRANCISCO DIVISION

LESLIE BARNETT, )  Case No.: 09 6108
                )
     Plaintiff,  )  **COMPLAINT AND DEMAND FOR**
                )  **JURY TRIAL**
     v.         )
                )  **(Unlawful Debt Collection Practices)**
CAB ASSET MANAGEMENT, LLC, )
                )
     Defendant. )
_____)

## VERIFIED COMPLAINT

LESLIE BARNETT (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against CAB ASSET MANAGEMENT, LLC (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person residing in Oakley, Contra Costa County, California.

9. Defendant is a national company with its headquarters in Towson, Maryland.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places calls to Plaintiff seeking and demanding payment for an alleged consumer debt owed on payday loan.

12. Defendant places constant and continuous collection calls to Plaintiff from the number (877) 663-0115 seeking and demanding payment for an alleged consumer debt.

13. Defendant threatened to file a lawsuit against Plaintiff while seeking and demanding payment for the alleged consumer debt. To date, no lawsuit has been filed.

14. Defendant's agent misrepresented himself out as a supervisor when speaking with Plaintiff regarding resolution of the alleged consumer debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

    a. Defendant Violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff at a time and place known to be inconvenient.

    b. Defendant Violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

    c. Defendant Violated *§1692d(2)* of the FDCPA by using abusive language in an attempt to collect the debt.

    d. Defendant Violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

    e. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of callers identity.

    f. Defendant Violated *§1692e* of the FDCPA by making false, deceptive, and misleading representations in connection with debt collection.

    g. Defendant Violated *§1692e(2)* of the FDCPA by misrepresenting the character,

nature, or legal status of the alleged debt.

    h. Defendant Violated *§1692e(5)* of the FDCPA by threatening to take action that cannot legally be taken or is not intended to be taken.

    i. Defendant violated *§1692e(10)* of the FDCPA by engaging in deceptive means to collect a debt or obtain information about a consumer.

    j. Defendant violated *§1692f* of the FDCPA by engaging in unfair practices and unconscionable means to collect or attempt to collect an alleged debt.

WHEREFORE, Plaintiff, LESLIE BARNETT , respectfully requests judgment be entered against Defendant, CAB ASSET MANAGEMENT, LLC, for the following:

16. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

17. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

18. Actual damages,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

### COUNT II
### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

22. Defendant violated the RFDCPA based on the following:

    a. Defendant violated *§1788.10(f)* of the RFDCPA by threatening to take legal action against Plaintiff which is prohibited.

    b. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone

to ring repeatedly and continuously so as to annoy Plaintiff.

   c. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment.

   d. Defendant violated *§1788.13(a)* when Defendant's agent falsely represented himself to Plaintiff as a supervisor.

   e. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

WHEREFORE, Plaintiff, LESLIE BARNETT, respectfully requests judgment be entered against Defendant, CAB ASSET MANAGEMENT, LLC, for the following:

23. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

24. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

25. Actual damages,

26. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

27. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LESLIE BARNETT, demands a jury trial in this cause of action.

///

///

///

///

RESPECTFULLY SUBMITTED,

Dated: December 21, 2009

By:_____
Ryan Lee, Esq.
KROHN & MOSS, LTD.
Attorneys for Plaintiff,

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, LESLIE BARNETT, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LESLIE BARNETT, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 12-15-09            _Leslie L. Barnett_
                          LESLIE BARNETT